UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.Z., et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>CITY OF SOLEDAD,<br><br>           Defendant. | Case No. 21-cv-02890-JSC<br><br>**ORDER GRANTING PETITION TO APPROVE A CLAIM FOR A PERSON WITH A DISABILITY**<br><br>Re: Dkt. No. 40 |

Plaintiffs F.Z. and his mother Rosa Fernandez brought claims against the City of Soledad seeking injunctive relief and damages under Title II of the ADA, Cal. Gov. Code § 4450, the Unruh Act, and the California Disabled Persons Act. (Dkt. No. 18.) Plaintiffs allege they were denied full and equal access to the crosswalks and sidewalks in the City of Soledad on multiple occasions. (*Id.* at ¶¶ 9-11.) Because F.Z. was a minor at the time the action was filed, Ms. Fernandez sought and was granted permission to act as his guardian ad litem. (Dkt. No. 15.)

The parties subsequently reached a settlement. (Dkt. No. 40.) Plaintiffs' petition for approval of the settlement is now pending before the Court and Defendant does not oppose the motion. (*Id.*) Upon consideration of the motion and supporting papers, the Court GRANTS the motion, finding that the settlement is fair and reasonable.

**A. The Court Appoints Rosa Fernandez as F.Z.'s Guardian Ad Litem Due to Incompetence**

The Court appointed Ms. Fernandez as F.Z.'s guardian ad litem because he was a minor. (Dkt. No. 15.); *See* Cal. Fam. Code § 6500 (In California, an individual under the age of 18 is a minor.) However, F.Z. has turned 18 since the lawsuit commenced. (Dkt. No. 40-3 ¶ 3.) His guardian ad litem nonetheless seeks approval of the settlement on the grounds that F.Z. is

incompetent. (Dkt. No. 40-3.) "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

Although Ms. Fernandez did not officially petition the Court to serve as F.Z.'s guardian ad litem on the grounds of his disabilities now that he is an adult, she declared that F.Z. still requires her assistance. (Dkt. No. 40-3 ¶ 3.) Ms. Fernandez attests, "due to his severe physical and mental disabilities as a result of cerebral palsy, Felipe is unable to care for himself and requires assistance with daily tasks. Because of his limited mental capacity, Felipe is unable to manage his finances." (*Id.*) Instead, Ms. Fernandez and her mother take care of F.Z. on a daily basis. (*Id.* ¶ 4.) Ms. Fernandez's and F.Z.'s interests have not changed since the Court appointed Ms. Fernandez as F.Z.'s guardian ad litem. (*See* Dkt. No. 15; Dkt. No. 40-3.) Now that F.Z. is no longer a minor, the Court appoints Ms. Fernandez as F.Z.'s guardian ad litem due to his incompetence.

### B. The Settlement Terms are Fair

To protect the interests of minors and incompetent people, district courts have a special duty to review a settlement agreement made on a minor's or incompetent person's behalf. *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). In this independent review of the settlement, "the district court should evaluate the fairness of a minor plaintiff's net recovery, without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181-82.

District courts in this Circuit have applied the same standards of review set forth in *Robidoux* for incompetent people. *See Motlagh v. Macy's Corp. Services, Inc.*, No. 19-cv-00042-JLB 2020 WL 7385836 at *2 (S.D. Cal. Dec. 16, 2020) (citing cases). Additionally, although the Ninth Circuit expressly limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, *see Robidoux*, 638 F.3d at 1179 n.2, courts in this District have applied the *Robidoux* standard in cases involving the settlement of both federal and state claims. *See J.R. by and through Ringer v. Lakeport Unified Sch. Dist.*, No. C18-06211 WHA, 2019 WL 6219034, at *2 (N.D. Cal. Nov. 21, 2019) (citing cases). Applying such standard in these circumstances makes

sense given that the Court has federal question jurisdiction of the federal claim and supplemental jurisdiction of the state law claims.

The settlement terms are fair to F.Z. because (1) Defendant has fixed or agreed to fix all inaccessible conditions and (2) F.Z.'s net recovery is comparable to recovery of plaintiffs in similar disability access cases.

The parties have agreed upon remedial measures to resolve Plaintiffs' claims and a monetary settlement of $20,000. During the pendency of this action, Defendant remediated some of the inaccessible conditions that Plaintiffs alleged. (Dkt. No. 40-2 ¶ 3.1.2.) Defendant also agreed to ensure future access to the other inaccessible areas. (*Id*. ¶¶ 3.1.1, 3.1.3.)

The $20,000 settlement is apportioned as follows: $8,000.00 in attorney's fees, $533.00 for Plaintiffs' counsel's litigation expenses, $3,822.33 to Ms. Fernandez, and $7,644.67 to F.Z. (Dkt. No. 40-2 ¶ 2.) F.Z.'s share of the settlement will be placed in his CalAble account. (Dkt. No. 40-3 ¶ 7.)

Defendant has fixed some of the inaccessible conditions Plaintiffs alleged and has agreed to take further steps to improve accessibility regarding the remaining areas of concern. (Dkt. No. 40-2 ¶¶ 3.1.1-3.) The remediation of Plaintiffs' claims contributes to the fairness of the settlement. *See Hamilton v. K-D-W Santa Clara*, No. 19-cv-01066-VKD, 2020 U.S. Dist. LEXIS 97569, at *3 (N.D. Cal. June 2, 2020) (weighing remediation of inaccessible conditions towards fairness of the settlement in a disability access case.)

Plaintiffs sought damages under the ADA, the Unruh Act, and California Disabled Persons Act. (Dkt. No. 18.) Title II of the ADA provides for damages for intentional disability discrimination. *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002). The Unruh Act allows for actual damages and provides a minimum of $4,000 in statutory damages. Cal. Civ. Code §52(a). However, it is unlikely that the Unruh Act would apply in this case because the defendant is a city and Unruh does not apply to governmental entities. *See Carter v. City of Los Angeles,* 224 Cal. App. 4th 808, 825 (2014) (finding a "a public entity providing sidewalks and curbs to its citizens does so as a public servant," not as a business as defined by Unruh.)

The California Disabled Persons Act allows for actual damages and a minimum of $1,000 in statutory damages. Cal. Civ. Code § 54.3(a). A plaintiff is allowed to recover the statutory minimum for each incident. *Lentini v. Cal. Center for the Arts, Escondido*, 370 F.3d 837, 848 (9th Cir. 2004). In a case, such as this, where the plaintiff frequently encountered barriers such as inaccessible sidewalks, the plaintiff should recover statutory damages for each barrier as opposed to each encounter with the barrier. *See Arrillaga v. City of Freemont*, No. 17-cv-6366-JSC, 2018 WL 6528008 at *5 (N.D. Cal. Dec. 12, 2018) (concluding that where a plaintiff encountered barriers 45 times, each barrier, not each of the 45 encounters, was an incident under the CDPA.) Because F.Z. alleged he was denied access by three different barriers (Dkt. No. 18 ¶¶ 9-11.), F.Z.'s minimum statutory recovery in this case would be $3000. Cal. Civ. Code § 54.3(a). Even if each of the alleged 12 encounters were considered an incident (Dkt. No. 40 at 4), the statutory minimum under CDPA would be $12,000. Cal. Civ. Code § 54.3(a). Thus, F.Z.'s recovery of $7,644.67 is proportional to the potential minimum statutory damages. In light of this, and Defendant's remediation, F.Z.'s recovery is fair.

Further, Plaintiffs identify multiple civil rights and disability access cases in which the plaintiffs recovered similar amounts. *See e.g., Hamilton v. K-D-W Santa Clara*, No. 19-cv-01066-VKD, 2020 U.S. Dist. LEXIS 97569, at *3 (N.D. Cal. June 2, 2020) (approving a gross settlement of $25,000 in a disability access case where plaintiff alleged one barrier with $4,500 recovery for the minor disabled plaintiff and $8,500 to parent); *see also Stockman v. EMU Properties, LLC*, Case No. 2:19-cv-01778-MCE-DB (E.D. Cal, Dec. 22, 2020) (Dkt. 20) (disability access and personal injury action which alleged nine barriers resulting in a consent decree of $20,000 for damages, attorney fees, costs, and litigation expenses). F.Z.'s recovery of $7,644.67 in settlement is comparable or exceeds recovery amounts of plaintiffs in these cases.

For the reasons explained above, Plaintiffs' unopposed petition for approval of minor's compromise is GRANTED.

//

//

//

**IT IS SO ORDERED.**

Dated: July 22, 2022

JACQUELINE SCOTT CORLEY
United States District Judge